UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80923-CIV-RYSKAMP/VITUNAC

GREAT LAKES REINSURANCE
(UK) PLC,

        Plaintiff,
v.

BRETT SOVERAL,

        Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's motion for summary judgment **[DE 21]** filed on December 18, 2006. On January 3, 2007, Defendant filed his response and cross-motion for summary judgment **[DE 25]**. Plaintiff replied to its motion and responded to Defendant's motion **[DE 28]** on January 17, 2007. Defendant did not file a reply to its motion. The Court heard oral argument from the parties on February 15, 2007. Accordingly, the motions are now ripe for adjudication.

I.    **Introduction**

This is an action filed pursuant to this Court's original jurisdiction over matters arising in admiralty and maritime, pursuant to 28 U.S.C. § 1333, and involves a dispute regarding an insurance policy for a thirty-three foot runabout. The facts as pled in the Plaintiff's complaint follow:

On January 7, 2005, Defendant applied to obtain an insurance policy from Plaintiff for his thirty-three foot boat, the Coyote. Plaintiff issued the policy, number 200/658/61227, on January 7, 2005. The policy afforded hull and machinery coverage for $125,000.00.

On July 26, 2005, while docked behind Defendant's home in Treasure Cay, Abacos,

Bahamas, Defendant was notified that his boat had sunk. Upon receipt of Defendant's claim for the full value of the policy, Plaintiff conducted an investigation and determined that the boat sunk because rainwater accumulated in the boat. The rainwater accumulated because the bilge pump was unable to operate since they are battery powered and the boat's batteries died.

The insurance policy only covers "accidental physical loss." Plaintiff alleges that the rain was a "seasonable and foreseeable weather condition at Treasure Cay[.]"

Plaintiff raises two causes of action. The first alleges that the policy does not cover the loss because it was not accidental. The second alleges that Defendant failed to exercise due diligence and, pursuant to the contract terms, the loss is not covered. Plaintiff has filed summary judgment pursuant to the first count. Defendant has filed his own motion for summary judgment on this same count.

**II.     Discussion**

**A.     Summary Judgment Standard**

A party is entitled to judgment as a matter of law when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw

all reasonable inferences in favor of the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The burden is not a heavy one; however, the non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "It is the obligation of the non-moving party, however, not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Lawrence v. Wal-Mart Stores, Inc.,* 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002) (quoting *Celotex*, 477 U.S. at 324). Moreover, mere conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

B.      The Coyote did not sink as a result of an accident

As an initial matter the parties agree on all material facts in dispute. They agree, for the purposes of this motion, that the disputed insurance policy was an all-risk policy that covered all accidental losses. They agree that two days before the boat sunk, Defendant operated the boat's bilge pumps and checked the batteries by starting the boat's engine. The parties agree that there was no evidence that the hull leaked but rather that the boat sunk because of the accumulated water in the hull and the failure of the bilge pumps to remove the water due to the dead batteries.

The insurance policy provides "coverage for accidental physical loss of, or damage to" the Coyote. The policy specifically excludes coverage for "losses due to wear and tear gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould animal and marine life." (Compl. Ex. B). The contract does not define the term accident. The issue in this case is whether rain and the dead batteries constitute an accident. This Court holds that it does not.

**Burden of Proof**

Although the parties agree that this is an all risk policy[1], the parties disagree about which party caries the burden of proof. The Plaintiff unilaterally argues that Defendant carries the entire burden in all circumstances. Defendant forwards a shifting proof requirement wherein the Plaintiff must only show that a policy exists and that Defendant suffered a loss. At that point, the burden shifts to the insurer to show that the policy excludes or creates an exception for the event after coverage. To support its argument, Defendant cites *Morrison Grain Co., Inc. V. Utica Mutual Ins. Co.*, 632 F.2d 424, (5th Cir. 1980).

In the Eleventh Circuit, the insured must show that the loss occurred during the coverage period and that the contract encompasses the loss. *Banco Nacional De Nicaragua v. Argonaut Ins. Co.*, 681 F.2d 1337, 1340 (11th Cir. 1982)(declining to follow *Morrison Grain* to the extent that *Morrison Grain* only required that the insured prove that a loss occurred, regardless of when the loss occurred). The insurer must then prove that an exclusion in the contract applies. *Hollywood Flying Service, Inc. v. Compass Ins. Co.*, 597 F.2d 507, 508 (11th Cir. 1979). The difficulty in distributing the burden of proof comes in instances, like here, where it is unclear whether the contractual language in dispute constitutes the general provisions of the contract, or rather, if the language is an

---

[1] An all risk policy covers all fortuitous losses, except for those resulting from fraud or misconduct and unless the policy contains an exception from coverage. *Int'l Ship Repair and Marine Serv., Inc. V. St. Paul*, 944 F.Supp. 886, 892 (M.D. Fla. 1996).

exception to the general coverage of the contract.  In these circumstances, the insured has the burden to prove that the provision is not applicable since the insured normally has the burden to make the prima facie case.  The burden should not shift to the insurer simply because the policy was written in the negative.  *Southern Solvents, Inc. v. Canal Ins. Co.*, 894 F. Supp. 430, 434 (M.D. Fla. 1995).  Thus, in this case, the policy is an all risk policy that only covers accidental losses.  Although the language is written as an exception, it is actually part of the general policy and the Defendant, as the insured, must therefore prove that the loss was accidental.  *Int'l Ship Repair and Marine Serv. Inc. v. St. Paul*, 944 F.Supp. 886, 892 (M.D. Fla. 1996).

**What Constitutes an Accident**

Both parties agree that accident is synonymous with fortuitous.  The parties further explain the term by using words such as unforseen, unexpected, unintended, chance, unavoidable, and chance.  *See* The Restatement of Contracts § 291, comment a.  A loss can be deemed accidental even where the insured has acted negligently.  *Int'l Ship Repair*, at 893.  A loss, however, is not fortuitous "if it results from an inherent defect in the object damaged, from ordinary wear and tear, or from the intentional misconduct of the insured."  *Id.*, at 892-93.

Thus, the question here is whether the bilge pumps failure, due to dead batteries, constitutes an accidental loss.  This Court holds that it is not an accidental loss.  The evidence shows that the boat was left completely uncovered in the Bahamas, a tropical locale, during the rainy season.  The reason the boat sunk was because water entered the boat and the bilge pumps eventually drained the battery.  Once the battery died, the bilge pumps stopped removing the water and the boat sunk.  Batteries do not last forever.  Although Defendant testified that he checked the batteries, the only test that he performed was starting the engines, seemingly for a short time.  It is well known that while a battery may start an engine in the morning, it may not start that same engine later that day.  Thus, while the batteries may have had enough power to start the engine, they obviously did not have

enough power to operate the bilge pumps for at least two days. The deterioration of a battery constitutes normal wear and tear and is not fortuitous.

Moreover, this Court does not find that water entering an uncovered vessel during rainy season is fortuitous. It is certainly possible that enough water could have entered the Coyote, without operating bilge pumps, to sink it within two days time. This was a thirty-three foot boat; although not a small boat by any means, it certainly was not unsinkable.

Since both parties moved for summary judgment on the same issue and since Defendant carries the burden to show fortuitousness, this Court holds that Defendant was unable to show that the Coyote sank due to accidental causes.

### III. Conclusion

Accordingly, it is hereby,

ORDERED AND ADJUDGED that Defendant's motion for summary judgment **[DE 25]** is **DENIED**. Plaintiff's motion for summary judgment **[DE 21]** is **GRANTED**. Final judgment shall be entered by separate order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 27 day of February, 2007.

    /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record